SACKETT & WILHELMS LITHOGRAPHING CO. v. COMSTOCK et al.

(Supreme Court, Appellate Division, Third Department.   April 14, 1896.)

APPEAL—WEIGHT AND SUFFICIENCY OF EVIDENCE.
  Where defendant's case rests mainly on her own testimony, while plaintiff's case is supported by the testimony of several persons who were present at the transaction involved, a finding for plaintiff, notwithstanding a verdict for defendant on the issues submitted, will not be disturbed.

Appeal from special term, Albany county.

Action by the Sackett & Wilhelms Lithographing Company against Frances M. Comstock and others to foreclose a mortgage. There was a judgment in favor of plaintiff, and defendant Comstock appeals.    Affirmed.

In this case the defendant gave W. J. Arkell, July 20, 1891, a mortgage upon her separate property for $12,500, part of which consisted of a debt which her husband had already incurred, and the rest was for advances to be made him by Arkell.   The husband received·the full consideration; the wife, nothing.   Arkell assigned this mortgage to the plaintiff, with the bond accompanying it.   A few weeks afterwards the husband made remarks to Mr. Arkell to the effect that there were defenses to this mortgage; that his wife was not where she ought to have been when she made it,—and at the same time asking for a further loan.   Arkell communicated these remarks to the plaintiff.   The plaintiff took counsel, and concluded to obtain a new mortgage ratifying the first.   November 5, 1891, the parties met in Mr. Arkell's office.   Sackett and Wilhelms, managing officers of the plaintiff, their counsel, Mr. Martin, Mr. Arkell and his counsel, Mr. Sweetzer, and Mrs. Comstock and her husband, were present.   At this meeting a new mortgage on the same premises was executed by Mr. and Mrs. Comstock, reciting and purporting to ratify the July mortgage.   The consideration of this mortgage was $14,400, made up of the $12,400 of the first mortgage; $1,500, part cash, and part note of the plaintiff's (since paid by it) given to Mrs. Comstock; and $400 cash, which Mr. Comstock owed Arkell before the

first mortgage, which was not included therein. Mr. and Mrs. Comstock gave the plaintiff their note for $14,400, with this new mortgage. Mrs. Comstock alleged in her answer, among other things, that her husband, in collusion with Arkell, obtained the first bond and mortgage from her by coercion and undue influence, when she was physically and mentally very feeble; that she was induced by the false representation to the effect that the second mortgage was only for $1,900, made by her husband, who acted in collusion with Arkell, and by her husband's coercion and fraud, to execute the second mortgage; that she executed both without consideration. The following issues were framed by the special term for trial by a jury: "First. Was any consideration ever received by Frances M. Comstock for the execution of the bond and mortgage in question? Second. Was the execution of the bond and mortgages in question by Frances M. Comstock obtained by fraud and undue influence?" These issues came on for trial before Mr. Justice Fursman and a jury at a circuit court, and special term of this court, on the 16th day of October, 1894. The jury answered the first question "No," and the second question "Yes." A motion for judgment having been made at special term before Mr. Justice Fursman, he decided to disregard so much of said verdict of the jury as was inconsistent with the findings which he himself made; and he thereupon found, in addition to the facts above stated, that the first bond and mortgage were executed by Mrs. Comstock by reason of the coercion and duress of her husband, who received the full consideration thereof, but that she executed the second mortgage, and note accompanying it, voluntarily, and with full knowledge of their contents, and that no fraud, coercion, duress, or undue influence was employed, directly or indirectly, to induce her to do so, and that $1,500 of the $1,900 additional consideration was, at the time of the execution thereof, paid to her. He also found that the second mortgage ratified and confirmed the first, and directed judgment of foreclosure of the second mortgage.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Geo. H. Hart, for appellant.

M. Hale, for respondent.

LANDON, J.   It is only necessary to consider whether, upon the evidence, the learned trial judge was justified in finding, notwithstanding the verdict of the jury upon the issues submitted to them, that the defendant executed the second mortgage freely and voluntarily, with full knowledge of its contents, without being induced thereto by fraud or undue influence.   This is a question of fact.   A careful reading of the case satisfies us that the clear weight of the evidence is in support of the findings of the trial court.   The case for the defendant rests mainly upon her own testimony.   In respect to many of the material circumstances occurring at the time the mortgage was executed, some of which are attested by her signature, she simply adduces her own nonrecollection.   On the other hand is the positive testimony of several of the persons present, nearly all of whom were impressed with the necessity of conducting the transaction in such way as to exclude all ground for challenging its fairness.   The trial judge, after full deliberation, came to the conclusion that they told the truth, and such is our conviction.

The judgment should be affirmed, with costs.   All concur.